# In the United States Court of Federal Claims

**No. 04-641V**
Filed: April 22, 2014
Not to be Published

```
* * * * * * * * * * * * * * * * * * * * * * * *
SUSAN KIPPENBERGER,               *
parent of JPK, II, a minor,       *
                                  *        Autism; Decision on Attorneys' Fees
                Petitioner,       *        and Costs
                                  *
        v.                        *
                                  *
SECRETARY OF HEALTH AND           *
HUMAN SERVICES                    *
                                  *
                Respondent.       *
                                  *
* * * * * * * * * * * * * * * * * * * * * * * *
```

## DECISION AWARDING ATTORNEYS' FEES AND COSTS [1]

In this case under the National Vaccine Injury Compensation Program,[2] I issued a Decision on November 27, 2013, dismissing this case. On March 25, 2014, Petitioner filed an unopposed Motion for a decision adopting the parties' agreement with respect to attorneys' fees and costs in this case. Petitioner's Motion represents that petitioner's counsel has contacted respondent's counsel to confirm that respondent has no objection to petitioner's request.

Pursuant to the parties' agreement, Petitioner seeks attorneys' fees and costs in the amount of $ 3,730.00. On March 27, 2014, my law clerk contacted attorney Amy Fashano by telephone, to confirm that, in lieu of filing a Vaccine General Order #9 statement, Petitioner's counsel represents that he will reimburse Petitioner any costs that Petitioner personally incurred that are compensable under § 15 (e)(1).

---

[1]  Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The applicable statutory provisions defining the program are found at 42 U.S.C. § 300aa-10 *et seq*. (2006). Hereafter, individual section references will be to 42 U.S.C. § 300aa.

**The request for attorneys' fees and costs is granted.**  Petitioner is awarded  reasonable attorneys' fees and costs pursuant to §§ 15(b) and (e)(1), as I find that the petition was brought in good faith and upon a reasonable basis, and the amounts requested are reasonable and appropriate.

**Pursuant to §15(e), I award a lump sum of $3,730.00[3] to be paid in the form of a check payable jointly to the petitioner and petitioner's counsel, Ronald C. Homer.**

In the absence of a timely-filed motion for review filed pursuant to Appendix B of the Rules of the U.S. Court of Federal Claims, the Clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**


s/George L. Hastings, Jr.
George L. Hastings, Jr.
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  See generally Beck v. Sec'y of Dep't Health and Human Services, 924 F.2d 1029 (Fed. Cir.1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  See Vaccine Rule 11(a).